United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20144
Conference Calendar

LEE NICHOLS MILLER,

Plaintiff-Appellant,

versus

WILLIAM BILL HAWKINS, Attorney; CARL THOMAS MEINHART, Deputy,
Sheriff; JEFF EAST HAGEN; DAVIS; RODRIGUEZ; NUMEROUS UNKNOWN
LAB TECHNICIANS; UNKNOWN WHITE FEMALE LAWYER; MICHAEL WILKERSON;
TWO UNKNOWN WHITE SIT-IN JUDGES; UNKNOWN LAWYERS AND DEPUTIES
ON JURY PANEL; SEVERAL UNKNOWN PERSONS FROM JURY PANEL; JOHN B.
HOLMES, JR.; NUMEROUS UNKNOWN LAW ENFORCEMENT OFFICIALS; JOHN E.
ACKERMAN, Honorable; UNKNOWN COURT REPORTER; MICHAEL B. CHARLTON,
Attorney; ROBERT JONES, SR., Honorable; JAN KROCKER, Honorable,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2232
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lee Nichols Miller, Texas prisoner # 688520, appeals from
the dismissal of his 42 U.S.C. § 1983 complaint as frivolous
pursuant to 28 U.S.C. § 1915(e)(2)(B).  Miller, who was convicted
of murder in 1994, filed suit against numerous individuals
involved in his trial and his state post-conviction proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Miller argues that his claims are not barred by limitations, as the district court held, and he also briefs the merits of his claims that 1) the trial court erroneously failed to suppress an illegally seized letter; 2) due process was violated because the trial judge went on vacation while the jury deliberated and two different judges presided; 3) evidence of extraneous bad acts was improperly admitted; 4) his punishment was excessive; 5) his sentence is void because it is based on a null section of the penal code; 6) the district attorney acted improperly during his state habeas proceedings; and 7) defense counsel failed to move for a new trial and failed to raise various issues on appeal.

Miller has not shown error in the district court's holding that Miller's claims are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). Miller has not addressed the district court's conclusions that the district attorney is entitled to absolute immunity, and that defense counsel is not a state actor subject to suit under 42 U.S.C. § 1983. Accordingly, Miller has abandoned those issues on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Miller's appeal is without arguable merit and is dismissed as frivolous. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of the complaint and this court's dismissal of the appeal count as two strikes against Miller for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Before the

instant notice of appeal was filed, Miller received two strikes in <u>Miller v. Price</u>, No. 9:01-CV-0290 (E.D. Tex. Oct. 21, 2002), and <u>Miller v. Keller</u>, No. 4:02-CV-1413 (S.D. Tex. April 23, 2002). After the notice of appeal was filed in this case, Miller received another strike in <u>Miller v. Medical Staff</u>, No. 02-10876 (5th Cir. Feb. 13, 2003)(unpublished); <u>see</u> <u>also</u> <u>Miller v. 299 Defendants</u>, No. 03-10136. Miller is cautioned that he has now accumulated more than three strikes under 28 U.S.C. § 1915(g), and he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 28 U.S.C. § 1915(g) BAN IMPOSED. Motions to file supplemental brief GRANTED.